IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tysha S. Holmes, | ) |
|               Plaintiff, | ) C/A No. 3:17-0682-MBS-KDW |
| vs. | ) |
| | ) **O R D E R** |
| Ryan D. McCarthy, Acting Secretary of the Army;[1] Department of the Army, | ) |
|               Defendants. | ) |

On March 13, 2017, Plaintiff Tysha S. Holmes, proceeding pro se and in forma pauperis, brought this action against her former employer, Defendants Ryan D. McCarthy, Acting Secretary of the Army;[1] and Department of the Army. Plaintiff alleges that she was discriminated against in contravention of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.; and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112, et seq. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling.

On August 4, 2017, Defendants filed a motion to dismiss for failure to state a claim. Defendants contend that Plaintiff's complaint is untimely. On August 7, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and the possible consequences if she failed to respond adequately. Plaintiff filed a response in opposition on September 12, 2017, to which Defendants filed a reply on September 19, 2017.

On October 4, 2017, the Magistrate Judge issued a Report and Recommendation. The

---

[1] Defendant McCarthy has been substituted for former Secretary of the Army Eric K. Fanning pursuant to Fed. R. Civ. P. 25(d).

Magistrate Judge noted that Plaintiff filed a Charge of Discrimination with the Department of the Army's Equal Employment Opportunity ("EEO") Office and that she received an EEO Decision on December 10, 2016. Plaintiff then had ninety days to appeal the EEO Decision to this court. See 42 U.S.C. § 2000e-16(c). The Magistrate Judge determined that Friday, March 10, 2017, was the last date by which Plaintiff could timely file her appeal. Plaintiff's complaint was docketed by the Clerk of Court on Monday, March 13, 2017. Therefore, Plaintiff's complaint was untimely filed.

The Magistrate Judge determined, however, that Plaintiff is entitled to have the deadline equitably tolled. It appears that Plaintiff contacted the Office of the Clerk of Court on Friday, March 10, 2017, and was informed of the late-filing procedure set forth in Local Civil Rule 5.02(B), D.S.C. As such, Plaintiff faxed a civil cover sheet, first page of the complaint, first page of her answers to Rule 26.01 interrogatories, and page 7 of the complaint to the Clerk's Office. The pages correspond to the documents filed by the Clerk of Court on March 13, 2017.

Defendants asserted in their reply to Plaintiff's response that Plaintiff failed to timely perfect her late filing because she did not provide the court with paper copies of her documents by 9:30 a.m. on the next business day, March 13, 2017, as required by Local Rule 26.01. Rather, Plaintiff's paper copies were not received by the Clerk of Court until 3:35 p.m. The Magistrate Judge found, however, that had Plaintiff diligently pursued her judicial remedies, investigated the appropriate method for filing, and attempted to comply with Local Rule 26.01. Accordingly, the Magistrate Judge recommended that the court apply equitable tolling and deny Defendants' motion to dismiss. No party filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Defendants' motion to dismiss is **denied**. The matter is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

November 15, 2017