UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tysha S. Holmes, | ) | C/A No. 3:17-cv-000682-JMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Dr. Mark T. Esper, Secretary of the Army; Department of the Army, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter is before the court on Defendants' Motion for Expenses for Failure to Attend Deposition and Motion to Compel Deposition ("Motion for Expenses"). ECF No. 83. Defendants filed this motion on September 4, 2018. On September 10, 2018, Defendants filed a Motion for Summary Judgment. ECF No. 84. Plaintiff, who is proceeding pro se, never filed a response to Defendants' Motion for Expenses. On the morning of a June 26, 2019 scheduled hearing, Plaintiff submitted a response that addressed the Motion for Expenses as well as other issues related to the Motion for Summary Judgment. ECF No. 114. Having considered the parties' briefing and argument in the context of this pro se matter, the court *denies* Defendants' Motion for Expenses. ECF No. 83.

The discovery deadline in this case was August 27, 2018. Dispositive motions were due by September 10, 2018. Am. Scheduling Order, ECF No. 80.

Defendants indicate they were only able to communicate with Plaintiff by mail, making more immediate contact difficult. Defs. Mem. 2. On July 24, 2018, Defendants noticed Plaintiff's deposition for August 22, 2018 at the U.S. Attorney's Office in Columbia, South Carolina; they served Plaintiff through Federal Express. *See* Notice and Certificate of Service, ECF No. 83-4.

1

Defendants arranged for Lt. Col. Patricia H. Lewis to travel from Ft. Belvoir Virginia to attend the deposition.

At 9:14 p.m. on August 21, 2018, the night before the deposition was to take place, Plaintiff faxed to the U.S. Attorney's Office a document called "Plaintiff's Notice of Deposition" in which she advised that she "was never available, or agreed to a date nor method of in person oral deposition." ECF No. 83-5. This "Notice of Deposition" also indicated, in part, the following:

> To where an attorney would be available to arrive and represent plaintiff at defendant's office under unknown officer's authority with unknown credentials, and has not disclosed any conflicts of interest. Furthermore intense personal burden and expense would fall on plaintiff who is pro se and does not have means to acquire proper legal representation from an attorney. Which would protect integrity of plaintiff's rights and protection of Privileged and Protected Materials.
>
> Rule 26(c)(1) and d(1) requires parties to confer with the other pertaining to methods, means to conduct discovery such as depositions. Deposition by written questions sent to plaintiff is reasonable and more easily agreeable by both parties.
>
> Appellant [Plaintiff] has made it known in previous disclosures required by Rule 26(a)(1) and (2) her intentions to depose defendant[s'] key witnesses Patricia Smith, Carla Laird, General Joseph Caravallho, Lt Cl Marilyn Lazarz, Dr. Bimson, Col Nancy Hughes, Johnny Jones. Please send three dates those persons can be deposed at neutral location such as Lexington County library conference room in West Columbia, SC. Also please confirm that the defendant agency by default of employing Army officers and civil employees, incurs all and any expenses related to their participation.

ECF No. 83-5.

Defense counsel did not receive the faxed document from Plaintiff until after counsel and the court reporter were in the U.S. Attorney's Office awaiting Plaintiff. In the Motion for Expenses, Defendants seek reimbursement of costs totaling $769.33 ($651.38 for Lt. Col. Lewis's travel costs and $117.95 for the court reporter costs). Defs. Mem. 83-1 at 3-4. Defendants move for expense-reimbursement pursuant to Federal Rule of Civil Procedure 37(d), which permits sanctions and requires a party failing to appear for his or her own deposition to "pay [] reasonable expenses, including attorney's fees, caused by the failure," unless the failure to appear was "substantially

justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1)(A)(i) and 37(d)(3).

In her June 26, 2019 opposition to the Motion for Expenses and at the June 26, 2019 hearing, Plaintiff argued that the parties did not have a "locked down date for depositions." ECF No. 114 at 1. Plaintiff indicates she had "never received feedback about when the agency would provide their witnesses for plaintiff to depose." *Id.* Apparently drawing on her experience in Army administrative proceedings, Plaintiff expressed her belief that she would be deposed at the same time the witnesses she wanted to be deposed would be presented for deposition.

As the court explained to Plaintiff during the June 26, 2019 hearing, depositions pursuant to the Federal Rules of Civil Procedure could be taken at different times. Plaintiff incorrectly assumed that she was not required to appear for her deposition that had been properly noticed. She apparently also assumed that, based only on her naming potential witnesses in her Rule 26(a) disclosures, Defendants would make those witnesses available. However, the Federal Rules require that depositions be noticed as required by Rule 30. Although Plaintiff is a pro se litigant, she is nonetheless bound by the Federal Rules of Civil Procedure and the Local Rules of this District. *Information on Representing Yourself in a Civil Action (Non-Prisoner)*, 5 ("It is your responsibility to comply with the Federal Rules of Civil Procedure (FRCP), the Local Rules of this District, and any statutes and other rules that may apply to your particular case.") (available at https://www.scd.uscourts.gov/default.asp#, under "Pro Se," "Guide").

Plaintiff was required to appear for her deposition as noticed or to discuss any concerns regarding the deposition notice with defense counsel well in advance of the scheduled date. Rule 37's award of costs as requested by Defendants could appropriately be awarded.[1] Nonetheless,

---

[1] This is so regardless of defense counsel's status as an employee or officer of Defendants.

given Plaintiff's pro se and in forma pauperis status, the court finds that "circumstances make an award of expenses unjust."

Accordingly, Defendants' Motion for Expenses, ECF No. 83, is *denied*. Although Defendants' Motion had also requested that Plaintiff be compelled to appear for her deposition, defense counsel indicated that would be necessary only if this matter proceeds beyond the summary judgment stage. In the event this case does proceed beyond summary judgment and it is determined that additional time for discovery should be permitted Defendants would be able to re-notice Plaintiff's deposition. If and when that happens, Plaintiff is admonished that she must communicate with defense counsel concerning any deposition notice and must appear for her deposition. In addition, if further discovery takes place Plaintiff must notice those depositions in accordance with the Federal Rules of Civil Procedure and would be wise to communicate with defense counsel regarding the scheduling of same.

IT IS SO ORDERED.

July 23, 2019                                                                   Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge