# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Tysha Holmes, | ) |
| | ) Civil Action No. 3:17-cv-00682-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| Dr. Mark T. Esper, Secretary of the Army; | ) |
| Department of the Army, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 128) filed on July 23, 2019. The Report addresses *pro se* Plaintiff Tysha Holmes' suit against her former employer, the Department of the Army and Dr. Mark T. Esper (collectively, "Defendants"). Defendants seek summary judgment as to Plaintiff's Title VII claims of disparate treatment (claims 4 and 6). The Report recommends that the court grant Defendants' Motion for Summary Judgment (ECF No. 84). The Report further recommends that, to the extent that Plaintiff's Complaint is liberally construed as an appeal of the Equal Employment Opportunity Office's dismissal of claims 1, 2, 3 and 5, the agency determination is affirmed. Therefore, claims 1, 2, 3 and 5 are **DISMISSED**. For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 36), and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 84)[1].

---

[1] In the Report, the Magistrate Judge recommends granting *in part and denying in part* Defendants' Motion. However, because the Magistrate Judge does not specify which claims are denied, the court is curious as to which aspects of Defendants' Motion warrant a "denial". Additionally, the court observes that neither party addressed Plaintiff's Title VII retaliation and disability discrimination claims. Accordingly, those claims remain before the court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 128.) As brief background, on November 8, 2014, Plaintiff submitted a Formal Complaint of Discrimination ("EEO Complaint") to the Department of the Army's Equal Employment Opportunity Office ("EEOO") (ECF No. 107-1). Plaintiff's EEO Complaint includes claims of alleged discrimination based on race, physical disability, and reprisal for previous EEO activity. (*Id.* at 1.) Construing all evidence in the light most favorable to Plaintiff, the Magistrate Judge found that Plaintiff offered no evidence to support any inference of disparate treatment discrimination under Title VII. Accordingly, the Magistrate Judge determined that summary judgment is appropriate as to Plaintiff's Title VII disparate-treatment claims regarding her pay around August 2014 and her leave payments (Claims 4 and 6). Further, Plaintiff raised several other claims[2], which are currently under review by the Merit Systems Protection Board ("MSPB Claims"). The MSPB Claims were dismissed by the EEO because they are currently under MSPB review, and are, therefore, not ripe for review elsewhere. The Magistrate Judge agreed.

Finally, as summary judgment was not sought as to Plaintiff's causes of action for Title VII retaliation and for discrimination and retaliation based on disability, the Magistrate Judge observed that these claims remained before the court. (ECF No. 128 at 28.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a

---

[2] Claims 1, 2, 3, and 5 of Plaintiff's EEO Complaint.

recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on July 23, 2019. (ECF No. 128-1.) Objections to the Report were due by August 6, 2019. However, objections were due by August 9, 2019, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id.*) Defendants did not file an objection to the Report. Plaintiff filed an Objection on August 13, 2019, which is well after the August 6, 2019, and August 9, 2019 deadlines. (*Compare* ECF No. 135, *with* ECF No. 128.) Given that Plaintiff's Objection is untimely, the court need not consider it for purposes of reviewing the Report. *See Taylor v. Gainey*, 203 F. App'x 426, 427 (4th Cir. 2006) ("The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance.").

In the absence of timely objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. (ECF No. 128.) Because Plaintiff's Objection is untimely and Defendants did not file an objection, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 128) and incorporates it herein. Therefore, the court **GRANTS** Defendants' Motion for Summary Judgment as to Plaintiff's Title VII disparate-treatment claims (Claims 4 and 6). (ECF No. 84). Further, to the extent that Plaintiff's Complaint is liberally construed as an appeal of the Equal Employment Opportunity Office's dismissal of claims 1, 2, 3 and 5, the agency's determination is affirmed. Accordingly, claims 1, 2, 3 and 5 are **DISMISSED.**

Finally, the court clarifies the Report insofar as the court only **GRANTS** the Motion as to claims addressed by the parties (Claims 1, 2, 3, 4, 5, and 6). Plaintiff's Title VII retaliation and disability discrimination claims remain before the court.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 20, 2019
Columbia, South Carolina