**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Tysha Holmes, | ) | |
| | ) | Civil Action No.: 3:17-cv-00682-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| D. Mark Esper, Secretary of the Army, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

The matter pending before the court is review of Defendant Mark T. Esper, Secretary of the Army's Motion to Dismiss for Lack of Subject Matter Jurisdiction and, in the Alternative, Motion for Summary Judgment (ECF No. 153). For the reasons below, the court **GRANTS** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 153) and **DISMISSES** the remaining claims.

# I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns the administrative actions taken by Plaintiff Tysha Holmes following her termination from the Moncrief Army Hospital as a Physician's Assistant and whether those actions estop Plaintiff from pursuing the instant action. In addition to the matter before this court, Plaintiff has filed several other administrative actions that relate to the underlying facts in this case.

### 1. Plaintiff's Merit System Protection Board ("MSPB") Actions

*a) MSPB Removal-from-Employment Action*

While not a part of the EEO Complaint being considered by this court, Plaintiff's Merit Systems Protection Board ("MSPB") actions relate to her January 2011 separation from employment. Additionally, a basic understanding of Plaintiff's MSPB actions is critical in

considering the EEO Complaint and the current matter. Both MSPB actions remain on appeal to the full MSPB Board. The court has reviewed all submissions and provides the following distillation to put relevant events into context. This timeline is intended to inform the court's discussion, but does not endeavor to be a full accounting of all events that have taken place since Plaintiff's January 14, 2011 termination or a catalog of every document submitted. To the extent supported by the record, these facts are construed in the light most favorable to Plaintiff.

**January 13, 2011:** Plaintiff began receiving compensation under the Office of Workers' Compensation Programs ("OWCP"). She received those payments through December 14, 2013. *See* Declaration of Army Attorney Robert J. Barham, Esq. ("Barham Decl.") ¶ 7, ECF No. 84-2.

**January 14, 2011:** Effective date of Plaintiff's removal from employment with the Army as a civilian physician assistant. *See* Barham Decl. ¶ 6, ECF No. 84-2; *see also* FAD 5, ECF No. 31-3; Notification of Personnel Action (SF 50) effective January 11, 2011 and approved January 20, 2011, ECF No. 84-3 at 204.

**April 30, 2012:** Plaintiff refiled an appeal of her removal to the MSPB. *See* Barham Decl. ¶ 8; Initial MSPB Decision by Administrative Judge Lynn P. Yovino ("AJ Yovino Decision") 1, ECF No. 84-3 at 1-14. This action is sometimes referred to as Plaintiff's "MSPB Removal Action" or, simply, her "Removal Action."

**January 2, 2013:** MSPB AJ Yovino issued Initial Decision reversing Army's removal of Plaintiff. ECF No. 84-3 at 1-14.
- AJ Yovino ordered that, if either party appealed her decision, the Army was to "provide interim relief" to Plaintiff, effective the date of her decision and in effect until the decision of the MSPB becomes final. *Id.* at 8.
- The Army petitioned for review of AJ Yovino decision. The interim relief reinstated Plaintiff's employment "with pay and benefits effective the date of the Yovino decision," but the Army did not return Plaintiff to the workplace. Barham Decl., ECF No. 84-2 ¶¶ 11, 12. As part of its appeal of the MSPB Initial Decision the Army argued that Plaintiff should not be receiving interim relief while she was also receiving OWCP payments. *Id.* ¶ 12.

**July 9, 2014:** MSPB issued a Remand Order, granting the Army's request for review, reversing AJ Yovino's reinstatement decision, and remanding the matter for a decision on the merits of Plaintiff's removal action. Remand Order, ECF No. 84-3 at 15-24.
- In the Remand Order the MSPB found Plaintiff was not entitled to interim relief because she was receiving OWCP payments. ECF No. 84-3 at 16 n.2. [As discussed more fully below in connection with Plaintiff's Petition for Enforcement filed in her MSPB action, contrary to the Remand Order's statement, Plaintiff was no longer

receiving OWCP payments at the time of the Remand Order. *See* Barham Decl., ECF No. 84-2, ¶ 14.]

**July 24, 2014:** Based on the Remand Order's reversal of Plaintiff's reinstatement to employment, the Army effected a personnel action that ended Plaintiff's entitlement to the interim-benefits pay awarded by AJ Yovino effective January 2, 2013—the date of AJ Yovino Decision. *See* FAD 6, Barham Aff. ECF No. 84-2, ¶¶ 15, 16.

- *The court notes that issue surrounding how Plaintiff's status and pay were changed at this time is part of her EEO Complaint [and therefore before this court] and is discussed within detail.*

**October 18, 2014:** Date of two letters from the federal Defense Finance and Accounting Service ("DFAS") to Plaintiff seeking to collect a debt from her based on what it termed the overpayment of her pay as "a result of a Time and Attendance change(s)." DFAS Letter to Plaintiff, ECF No. 84-3 at 129-32.

**January 15, 2016:** Plaintiff filed a "Contested Motion for Restoration of Interim Relief and Cancellation of Debt," ECF No. 84-3 at 123-88, arguing she was not required to repay the interim relief she had received. Plaintiff sought to have the debt cancelled. She also argued she remained entitled to interim relief. *Id.*

**January 20, 2016:** MSPB AJ Richard W. Vitaris, to whom Plaintiff's MSPB action had been reassigned upon the retirement of AJ Yovino, ECF No. 84-3 at 254, issued an order denying Plaintiff's request for continuation of interim relief. AJ Vitaris January 20, 2014 Order, ECF No. 84-3 at 178-184.

- Indicating he believed the debt collection sought to deprive Plaintiff of interim relief benefits that had been ordered at the time, AJ Vitaris advised that he would docket a separate Petition for Enforcement on this issue to be considered separately. *Id.* AJ Vitaris issued an "Acknowledgement Order" indicating he had docketed a petition for enforcement of the interim relief that had been ordered and setting briefing deadlines as to the Petition for Enforcement ("PFE"). *Id.* at 186-87. (Details of the PFE are discussed below.)

**January 27-29, 2016:** MSPB AJ Vitaris conducted a hearing on Plaintiff's Removal action. *See* April 22, 2016 Initial Decision of AJ Vitaris ("AJ Vitaris Removal Decision"), ECF No. 84-3 at 25-33.

**April 22, 2016:** AJ Vitaris issued an Initial Decision on Plaintiff's Removal action, affirming the Army's removal of Plaintiff and finding no race discrimination. *Id.*

**September 26, 2016:** Plaintiff filed a Petition for Review of the Vitaris Removal Decision. ECF No. 84-2 at 62-86.

- As of Barham's June 6, 2019 Supplemental Declaration, ECF No. 107-5, Plaintiff's Petition for Review of AJ Vitaris's decision to uphold her removal from service remains pending before the MSPB. Barham Suppl. Decl., ECF No.84-2, ¶ 9.

*b) PFE Action Concerning Entitlement to Interim Relief*

**July 21, 2016:** After receiving additional briefing as to the PFE, *see* ECF No. 84-3 at 189-252, AJ Vitaris issued an Initial Decision granting in part and denying in part the relief sought by Plaintiff, AJ Vitaris PFE Decision, *Id.* at 253-62 ("Vitaris PFE Decision").

- AJ Vitaris found that Plaintiff was entitled to interim relief for the period of time between AJ Yovino's Order of Reinstatement and the July 2014 Remand Order, *to the extent she was not also receiving OWCP payments*. Accordingly, for the period from when Plaintiff's OWCP payments ended until the date of the July 2014 Remand Order, Plaintiff was entitled to interim relief (salary) payments. Accordingly, DFAS was to cease any collection efforts for that period of time, which AJ Vitaris termed "Period Two." *Id.* at 257. For "Period One," that is the time from AJ Yovino's Order of Reinstatement while Plaintiff was receiving OWCP payments, AJ Vitaris determined Plaintiff was not entitled to receive interim relief as well. *Id.* at 256. AJ Vitaris ordered DFAS to cease collection efforts for Period Two, "the period from December 14, 2013 through July 9, 2014." *Id.* at 258.

**August 17, 2016:** The Army filed a Petition for Review of AJ Vitaris's PFE Decision, seeking only to correct alleged typographical errors in that decision that would impact the period of time for which Plaintiff was to be paid. ECF No. 84-3 at 266-73. The Army indicates the date of AJ Yovino Decision was January 2, 2013, making that the date on which Plaintiff had been reinstated and, hence, the beginning date of "Period One." *Id.* at 267-68.

- The Army also indicates the end of Period One should be December 14, 2013, which was the last date Plaintiff received OWCP benefits. Based on this change, "Period Two" would begin on December 15, 2013 and run through July 9, 2014.

**December 2, 2016:** Plaintiff filed a Petition and Cross Petition for Review of AJ Yovino's PFE Decision. ECF No. 84-3 at 276-99. Essentially, Plaintiff argues the Army has not complied with the PFE Decision and that Plaintiff should not be required to repay any of the interim relief sought.

- **In this filing Plaintiff references an issue with her unpaid leave.** *Id.* at 277, 279. Plaintiff indicates she had raised the issue of her unpaid leave before AJ Yovino, but he had not addressed it in the PFE Decision. *Id.* at 279. *As with the Army's Petition for Review, Plaintiff's Cross Petition for Review remains pending before the MSPB*. Barham Suppl., ECF No. 84-2 Decl. ¶ 11.

## 2. EEO Appeal

In considering Plaintiff's EEO Complaint, the following timeline is instructive:

**November 8, 2014:** Dated November 8, 2014, and received by the Army's EEO Office on November 10, 2014, on the EEO Complaint form, Plaintiff checked certain boxes (and included the underlined information) claiming she was discriminated against based on:

>Race Black,
>Physical, Neck/Shoulder, and
>Reprisal (prior EEO activity) Filed previous November 2010.

ECF No. 107-1.

The EEO Complaint Form included a box in which Plaintiff was permitted to explain her claims. She filled the allotted space and included an additional page (*see* ECF No. 107-1 at 1, 4). On the Complaint Form, Plaintiff numbered her claims 1 through 4; her claims listed on the carry-over page are not numbered but are written in a more narrative form.

**November 24, 2014:** EEO November 24, 2014 Letter Response to Plaintiff (dismissing certain claims for investigation), ECF No. 107-2:

- In a detailed letter dated November 24, 2014, EEO Officer Samuel "Mike" Good, Jr. wrote Plaintiff in reference to her November 8 Formal Complaint and identified six claims that were included in Plaintiff's EEO Complaint. They are listed below:

    1) On 11 August 2014, you were denied reinstatement as a Physician Assistant by MAJ Wilson and MAJ Michael Barton based on advice from Attorney L. Patricia Smith (Agency Representative) and Ms. Carla Laird (Human Resources Manager)

    2) On 22 August 2014, you were placed in non-pay status by your supervisor, MAJ Christopher Wilson.

    3) On 22 August 2014, you were given a constructive suspension by MAJ Wilson.

    *4) On 22 August 2014, your pay was deducted per MAJ Wilson's instructions based on advice from Attorney L. Patricia Smith (Agency Representative) and Ms. Carla Laird (Human Resources Manager).*

    5) On 2 January 2014, you were forced to take an involuntary leave from your position.

    *6) That, for a period of time not specifically identified, the Agency did not pay out leave that you accumulated over 1.5 years.*

EEO Response Letter 1 (italics added to indicate the claims investigated by the Army during its EEO investigation). Based on his review of "the complaint file," Officer Good "accepted claims 4 & 6 for investigation." *Id.* at 2. Officer Good explained that he had "dismissed claims (1, 2, 3 & 5)" based on 29 C.F.R. § 1614.107 and AR 690-600.

> **States the same claim**: Reference 29 CFR Section 1614.107(a) (1): Claims 1, 2, and 3 are matters identical to those raised in a previous complaint. You elected to appeal the claims to the Merit Systems Protection Board (MSPB). The appeal of your removal [from employment] is currently pending a decision before the MSPB pursuant to a remand order of the MSPB, dated 9 July 2014.

> **Untimely EEO Counselor Contact**. Claim 5 is a discrete act and is therefore time barred. 29 CFR Section 1614.105(a)(1) states, "An aggrieved person must initiate contact with a counselor within 45 days of the matter alleged to be discriminatory or, in the case of a personnel action[,] within 45 days of the effective date of the action."

ECF No. 107-2 at 2 (emphasis in original).

The letter went on to advise Plaintiff of the next administrative steps available to her, not all of which are repeated herein. *Id.* at 2-8. Potentially relevant herein, the letter explained the following:

> The dismissed portion (four claims) of your complaint will not be investigated and is not appealable to the [EEOC] Office of Federal Operations (OFO) until final action is taken on the remainder of the complaint. However, an EEOC administrative judge may review the dismissed portion if a hearing is requested on the remainder of the complaint.

ECF No. 107-2 at 2.

Plaintiff was to respond to Officer Good within 5 days if she believed the claims had not been correctly identified. The letter went on to explain that the EEO Complaint would be assigned to an investigator; the investigation was to be completed within 180 days (unless agreed-to extension or extension for classified information); and provided information about post-investigation actions and options. *Id.* at 3-8.

**January 16 – March 19, 2015:** EEO investigation by Army. *See* EEOC Order Granting Agency's Motion to Dismiss Hearing Request 1 ("EEOC Order") (Sept. 21, 2016), ECF No. 107-4; *see also* Transcript of February 12, 2015 Fact-Finding Conference (conducted by EEO Investigator), ECF No. 120.

**April 28, 2015:** Plaintiff requested a hearing before the EEOC. *See* EEOC Order 1.

**May 11, 2016:** "Initial Conference (IC) was conducted[.]" *Id.* During the IC the Army "referenced matters that were interrelated currently before the [MSPB]." *Id.* During the IC, the

parties provided the Administrative Judge with a copy of the January 2, 2013 MSPB decision (AT-0752-11-0263). That decision "clearly reviewed the agency's reasons for removing [Plaintiff] from employment." *Id.* The EEOC Order also references a Petition for Enforcement for back pay that had been ordered by the MSPB when it reversed its earlier decision [with a blank left for the date it was filed]. The Order indicates that the Petition for Enforcement discussed two time periods: December 14, 2013 through July 9, 2014 and January 2, 2013 through December 14, 2013. *Id.*

**July 28, 2016:** The Army filed a Motion to Dismiss for Improper Venue and Failure to State a Claim (presumably this motion was filed in the appeal/request for hearing before the EEOC). In that Motion to Dismiss, the Army argued (1) Plaintiff's allegations are inextricably intertwined with appeals before MSPB; (2) Plaintiff fails to state a valid independent claim and [the claim is a collateral attack] against MSPB; and (3) Plaintiff's claims are moot because MSPB has provided the ordered relief.

**August 10, 2016:** Plaintiff objected to the Motion to Dismiss, arguing the motion was untimely. She also "explains the events that occurred after she was returned to work[ and] states she is 'asking EEO[C] to be the truth finder of agencies [sic] actions in 2014.'" *Id.* (quoting Plaintiff's submission).

**September 21, 2016:** The EEOC issued its Order granting the Army's Motion to Dismiss Hearing Request (which seems to be the same as the referenced "Motion to Dismiss for Improper Venue and State a Claim" referenced in the Order). EEOC Order, ECF No. 107-4. In that Order the EEOC found:

> Since Complainant initially pursued her case with the MSPB, she cannot attempt to collaterally attack that decision or the related relief through the EEO process. If Complainant wishes to contest the [MSPB] Board's decision, her recourse is to file with the U.S. Court of Appeals, as she was previously advised of her right to do so by the MSPB. This case is returned to the Agency for final decision, with appeal rights.

### 3. EEOC Order

**December 6, 2016:** Date of Final Agency Decision ("FAD") by Army, signed by Spurgeon A. Moore, Director, EEO Compliance and Complaints Review. ECF No. 31-3. The FAD considered only the following claims:

a. On August 22, 2014, her pay was deducted, per MAJ Wilson's instructions based on advice from Attorney L. Patricia Smith (Agency Representative) and Ms. Carla Laird (Human Resources Manager); and

b. The Agency did not pay out leave that she accumulated over 1.5 years.

ECF No. 31-3.

The FAD briefly notes that Plaintiff's matter was investigated, Plaintiff was given the option of seeking a hearing before an EEOC administrative judge or a final Army decision based on the evidence in the case file, and that Plaintiff requested such a hearing. *Id.* at 1-2. **The administrative judge dismissed the request "because Complainant initially pursued her case with the [MSPB]. The EEOC administrative judge stated that [Plaintiff] cannot attempt to collaterally attack that [MSPB] decision or the related relief through the EEO process." *Id.* at 2.** After outlining applicable law, the FAD sets out facts as gleaned from the Investigative Transcript and the case file before it. *See* ECF No. 31-3 at 2-5. The FAD analyzed Plaintiff's claims and found Plaintiff "was not the victim of discrimination[.]" *Id.* at 9.

**March 2017:** Plaintiff filed the instant civil action alleging the same six claims as stated prior. Compl., ECF No. 1.

Plaintiff's six claims were as follows:

> <u>Claim 1</u>: On August 11, 2014, Plaintiff was denied reinstatement as a Physician Assistant by Major Christopher Wilson and Maj Michael Barton based on advice from Attorney L. Patricia Smith (Agency Representative) and Carla Laird (Human Resources Manager).

> <u>Claim 2</u>: On August 22, 2014, Plaintiff was placed in a non-pay status by her supervisor Major Wilson.

> <u>Claim 3</u>: On August 22, 2014, Plaintiff was given a constructive suspension by Major Wilson.

> <u>Claim 4</u>: On August 22, 2014, Plaintiff's pay was deducted per Major Wilson's instructions based on advice from Attorney Smith and Carla Laird.

> <u>Claim 5</u>: On January 2, 2014, Plaintiff was forced to take an involuntary leave from her position.

> <u>Claim 6</u>: For a period of time not specifically identified, the Agency did not pay out leave Plaintiff accumulated over a period of 1.5 years.

(ECF No. 107-1.)

On August 20, 2019, the court issued its Order (ECF No. 136), accepting the

Magistrate Judge's Report and Recommendation as to Partial Summary Judgment for

Defendant (ECF No. 128). Specifically, the court accepted the Report as to the dismissal of

claims 1, 2, and 3, because Plaintiff first elected to pursue the claims before the MSPB and

could not collaterally attack claims which were pending before the MSPB. The court also affirmed the Agency's dismissal of claim 5 as untimely brought by Plaintiff. (ECF Nos. 128 at 16-17, ECF No. 136). The court construed Plaintiff's filings most liberally as Plaintiff's "appeal" of the dismissal of her EEO Complaint claims 1, 2, 3, and 5. (ECF No. 128 at 14.)

Significant here, regarding Plaintiff's claims 4 and 6—Plaintiff brought these claims under theories of disparate treatment, retaliation, and disability discrimination. However, the court only granted Defendant's Motion for Summary Judgment as to claims 4 and 6 **based on disparate treatment**. (ECF No. 128 at 18-26; ECF No. 136.) This is because Defendant did not brief the remaining claims 4 and *6 on the bases of disability discrimination or retaliation* at the time the court accepted the Report. According to Defendant, it was unsure what Plaintiff's retaliation and disability claims consisted of because "until January 28, 2020, Plaintiff had not provided sworn testimony as to [those] claims." (ECF No. 128 at 26-29; ECF No. 136 at 4.)[1] Additionally, in the EEO administrative proceedings, Plaintiff did not participate in the fact-finding conference or provide an affidavit and she did not appear at her first noticed deposition in this lawsuit on August 22, 2018. (ECF Nos. 83; 83-4; 83-7.) Despite Defendant's reasoning for not addressing the retaliation and disability claims within its initial Motion for Summary Judgment, the Magistrate Judge stated, and the court agreed that:

> While it may be that portions of Defendants' Motion for Summary Judgment could apply to those [retaliation and disability] claims the court will not make arguments for Defendants. Accordingly, the undersigned is of the opinion that

---

[1] The Magistrate Judge stated, "[i]mportantly for purposes of this R&R Defendants did not brief (or even seek) summary judgment as to other theories of discrimination raised by Plaintiff in her EEO Complaint: discrimination based on physical disability and reprisal (retaliation) based on November 2010 EEO activity and representation of coworkers in their EEO complaints in March 2011 and October 2013. (ECF No. 107-1 at 26 citing ECF No. ECF No. 128.)

**Plaintiff's causes of action for discrimination based on disability and for retaliation based on her prior EEO activity remain before the court for trial.**

( ECF No. 128 at 27.) (emphasis added).

The dismissal of all other claims (i.e. 1, 2, 3, 5) was based on 29 C.F.R. § 1614.107(a)(4), which directs that an agency should dismiss a complaint if the "complainant has raised the matter. . .in an appeal to the Merit Systems Protection Board and . . . § 1614.302 indicates that the complainant has elected to pursue the non-EEO process." The court found that Plaintiff's federal action could be construed as an appeal of the [EEOC]'s partial dismissal of her EEO Complaint. (ECF No. 128 at 14.) Subsection (b) of 29 C.F.R. 1614.107 provides as follows:

> (b) Where the agency believes that **some but not all** of the claims in a complaint should be dismissed for the reasons contained in paragraphs (a)(1) through (9) of this section, the agency shall notify the complainant in writing of its determination, the rationale for that determination and that those claims will not be investigated, and shall place a copy of the notice in the investigative file. A determination under this paragraph is reviewable by an administrative judge if a hearing is requested on the remainder of the complaint, but **is not appealable until final action is taken on the remainder of the complaint**.

29 C.F.R. § 1614.107(b) (emphasis added).

Claims Currently Before the Court

Following the court's August 20, 2019 Order accepting the Report and dismissing all claims except for retaliation and disability within claims 4 and 6 (ECF No. 136), the court appointed counsel for Plaintiff, and on September 19, 2019, the court held a scheduling conference with both parties. (ECF No. 144.) Shortly after the scheduling conference, both parties consented to the finalized scheduling order which set a trial date "on or before March 23, 2020". (ECF No. 145.) On February 10, 2020, Defendant filed the instant Motion despite the initial August 2018 deadline for dispositive motions. (ECF No. 80.)  Because there was a

lingering question as to the timeliness of Defendant's Motion, the court held a status conference whereby the court confirmed with both parties whether either party opposed the timeliness of Defendant's Motion for Summary Judgment. Neither party opposed the timeliness of Defendant's Motion. Instead, because Plaintiff's Response to the Motion was due on February 24, 2020, Plaintiff filed an unopposed request for extension to respond to the Motion and the court granted Plaintiff's request. (ECF Nos. 162, 165.) Plaintiff filed her Response to the Motion on February 28, 2020 (ECF No. 169), and Defendant filed its Reply to the Response on that same day. (ECF No. 170). Therefore, currently before the court are two of the six claims remaining after the August 20, 2019 Order:

> Claim 4: On August 22, 2014, [Plaintiff's] pay was deducted per Major Wilson's instructions based on advice from Attorney L. Patricia Smith (Agency Representative) and Ms. Carla Laird (Human Resources Manager) **[based on retaliation and disability]**
>
> and
>
> Claim 6: That, for a period not specifically identified, the Agency did not pay out leave that [Plaintiff] accumulated [for] over 1.5 years **[based on retaliation and disability].**

Defendant's Motion to Dismiss and/or Summary Judgment as to these claims (ECF No. 153) is ripe for disposition.

## II. LEGAL STANDARD

A. Rule 12(h)(3) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Pursuant to Rule 12(h), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h). Lack of subject-matter jurisdiction may be raised at any time by a party or the Court. *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884). The plaintiff has the burden of proving subject-matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

To determine whether subject-matter jurisdiction exists, the district court is to regard the allegations in the pleadings as evidence on the issue along with evidence outside of the pleadings. *Richmond, Fredricksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). While considering outside evidence does not convert the proceeding into one for summary judgment, the court should apply the summary judgment standard whereby the non-moving party must set forth specific facts beyond the pleadings to show the existence of a genuine issue of material fact. *Id.* If the material jurisdictional facts are not in dispute, the moving party is entitled to prevail as a matter of law. *Id.*

B. <u>Rule 56 Motion for Summary Judgment</u>

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995). A party cannot create a genuine issue of material fact solely with conclusions in his or her own argument, affidavit, or deposition that are not based on personal knowledge. *See Latif v. The Cmty. Coll. of Baltimore*, 354 F. App'x 828, 830 (4th Cir. 2009) (affirming district court's grant of summary judgment, noting plaintiff's affidavit, which offered conclusions not based on his own knowledge, did not create genuine issues of material fact). In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002) (Title VII). The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms. *Id.* at 148 (stating that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").

## III. DISCUSSION

A. <u>The Parties' Arguments</u>

Defendant argues that his department is entitled to dismissal because the remaining claims in this case (retaliation and disability claims 4 and 6)[2] are matters currently before the MSPB in Plaintiff's pending petitions for review. In other words, because Plaintiff first elected to pursue her claims before the MSPB, she must exhaust her complaints in her chosen forum and cannot collaterally attack the MSPB Orders or related relief ordered by the MSPB in this lawsuit. Therefore, it is Defendant's position that this court lacks subject matter jurisdiction to hear the claims.

In the alternative, Defendant argues that the case should be dismissed on summary judgment because no evidence exists that Defendant's reasons for the department's actions at issue in claims 4 and 6 were motivated by illegal animus towards a disability or as retaliation for prior EEO activity of Plaintiff. Defendant argues that the reasons for Plaintiff's termination were not pre-text for discrimination against Plaintiff based on a disability or retaliation for prior EEO activity, and that it stopped payment of administrative leave and paid out accumulated

---

[2] This court has already dismissed Plaintiff's disparate treatment claims under claims 4 and 6:

> Having considered Plaintiff's briefing, exhibits, and argument in the light most favorable to her, the undersigned is of the opinion that she has not presented any *evidence* that Smith or Laird was involved in any decision to "mishandle" the personnel actions related to Plaintiff's pay and leave subsequent to the July 2014 Remand Order. Plaintiff['s] [only] evidence in support of these claims [] indicat[es] [that] Smith and Laird had been aware of Plaintiff's prior EEO activity. Nothing she has presented provides more than conjecture that Smith and Laird excluded others from working on matters pertaining to Plaintiff or otherwise ties their prior awareness of EEO activity in 2010 to anything that took place around August 2014 regarding Plaintiff's pay "deductions" or leave.

(ECF No. 128 at 23.)

leave in direct response to the MSPB's orders in Plaintiff's pending petitions before the MSPB.

On the other hand, Plaintiff contends that the federal regulations Defendant relies on for the rule that the case cannot be filed with a federal agency and with the MSPB at the same time "does not touch this court." In other words, in Plaintiff's view, "if Plaintiff did file with both, it would not warrant a dismissal from this [c]ourt, but a dismissal from MSPB." (ECF No. 169-1 at 3.) Plaintiff further asserts that the issues before the MSPB do not concern discrimination because "the words [discrimination and retaliation] are not found in any of Plaintiffs' arguments before the MSPB." (*Id*.)

B. The Court's Review

The only question before this court is whether Plaintiff's retaliation and disability claims within claims 4 and 6 have been raised in her MSPB appeal either directly or within requested relief, or whether she is entitled to pursue them independently in a federal court action.

Initially, in the administrative phase of a claim of illegal discrimination concerning a personnel action in federal employment, a complainant may pursue her claim in one venue— either the EEO venue, before the MSPB, or through a negotiated grievance process where applicable and available. *See* 29 C.F.R. § 1614.302(b) ("An aggrieved person may initially file a mixed case complaint with an agency pursuant to this part or an appeal on the same matter with the MSPB pursuant to 5 CFR 1201.151, **but not both**."); 29 C.F.R. § 1614.301(a) ("When a person is employed by an agency subject to 5 U.S.C. § 7121(d) and is covered by a collective bargaining agreement that permits allegations of discrimination to be raised in a negotiated grievance procedure, a person wishing to file a complaint or a grievance on a matter of alleged employment discrimination must elect to raise the matter under either part 1614 or the negotiated grievance procedure, **but not both**.") (emphasis added).

The Federal Regulations require that "the agency shall dismiss an entire complaint" "[w]here the complainant has raised the matter in a negotiated grievance procedure that permits allegations of discrimination or in an appeal to the Merit Systems Protection Board and § 1614.301 or § 1614.302 indicates that the complainant has elected to pursue the non-EEO process." 29 C.F.R. § 1614.107(a)(4).

Where some, but not all, of the claims in the complaint should be dismissed because they already have been raised in another venue:

> The agency shall notify the complainant in writing of its determination, the rationale for that determination and that those claims will not be investigated, and shall place a copy of the notice in the investigative file. A determination under this paragraph is reviewable by an administrative judge if a hearing is requested on the remainder of the complaint, **but is not appealable until final action is taken on the remainder of the complaint.**

29 C.F.R. § 1614.107(b).

Here, the agency dismissed some but not all of her claims and informed her in writing in accordance with 29 C.F.R. § 1614.107(b). (ECF No. 107-2). The EEOC issued an order dismissing the claims, and the court herein has affirmed the dismissal of claims 1, 2, 3, and 5 (ECF No. 136). Plaintiff's argument that the federal regulations do not apply to this court but only apply to the MSPB belies logic and is without merit. Plaintiff's claims are awaiting a final decision by the MSPB, and she must see those proceedings through to completion prior to seeking judicial review. *Peterik v. United States of America, et al.*, 2017 WL 1102617, at *3 (E.D.NC March 24, 2017) (granting defendant's motion to dismiss for lack of subject matter jurisdiction because plaintiff was required to proceed through his appeal with the MSPB and exhaust his chosen administrative remedy before seeking judicial review).

The court finds that Plaintiff's claims 4 and 6 remain pending in her chosen forum, the MSPB, for final Board review over her mixed claim regarding her removal and the ancillary

Petition for Enforcement regarding Interim Relief while the MSPB continues its review. When the Magistrate Judge issued her Report dismissing claims 4 and 6 for disparate treatment, there were lingering questions as to what Plaintiff meant by claim 4 as it related to disability or retaliation. Since then, Plaintiff clarified in her deposition that her claim 4— that "On August 22, 2014, Plaintiff's pay was deducted per Major Wilson's instructions based on advice from Attorney Smith and Carla Laird"— addresses Defendant halting payment of her administrative leave.

Plaintiff explained that her pay was not deducted on August 22, 2014; it was stopped completely, and she was put in a non-pay status by the Agency. (ECF No. 153-2 at 27:25-28:12.)

Plaintiff also agrees that Defendant stopped paying her administrative leave directly in response to the July 9, 2014 MSPB Order:

> Q. Well, in any event, whoever on the agency side made the decisions to stop your payment, you agree with me that it came out of that MSPB order from July of 2014, correct?
> A. Yes.
>
> Q. Okay. So they were reacting to the MSPB order, correct?
>
> A. They reacted to the MSPB order, yes.

(ECF No. 153-2 at 49:20-50:2.)

Plaintiff already brought the allegation regarding the stopping of her administrative leave in claim 2, which stated that "on August 22, 2014, Plaintiff was placed in a non-pay status by her supervisor Major Wilson." The court held that claim 2 was properly dismissed by the Agency, because, along with claims 1 and 3, **it relates to the MSPB actions regarding Plaintiff's removal and the ancillary action** regarding Plaintiff's entitlement to Interim Relief of administrative leave payments pending final review by the MSPB. As such, claim 4 is

pending before the MSPB as well and is not properly before the court and the court **FINDS** that the same reasoning applies to claim 4. Therefore, until the MSPB issues a final decision on this claim, there is no subject matter jurisdiction over claim 4 and it is **DISMISSED**.

The court next addresses claim 6— that "for a period of time not specifically identified, the Agency did not pay out leave Plaintiff accumulated over a period of 1.5 years." This claim is also pending final review by the MSPB in Plaintiff's removal and Petition for Enforcement. In the Petition for Enforcement, Plaintiff specifically *requests, as a remedy, that the MSPB provide* "the Agency audit pay records to ensure that Appellant [Plaintiff] was properly 'paid out' for any unused leave during the pendency of the interim relief." (ECF No. 84-3 at 240). At Plaintiff's deposition, she was asked whether claim 6 refers to the leave that accrued during the time she was entitled to receive administrative leave per the MSPB order, and she explained it was:

> Q. …what I understood your administrative leave -- or excuse me -- the annual leave accumulation claim to be that there was a period of time you were getting administrative leave and that you were accumulating annual leave during that time and that the agency should have paid you out for that annual leave?
>
> A. Correct.
>
> Q. Oh, I am correct in understanding that?
>
> A. Yes. That's correct.
>
> Q. All right. So that's the claim?
>
> A. Yes.

(ECF No. 153-2 at 33:11-22.)

Plaintiff further explained her claim in regard to the pay out of accrued leave:

> Q. Now we're here, and we're dealing with periods of time that the agency was told to pay interim relief to you per the -- by the MSPB, right?

A. Yes.

Q. And the issue was during the times that you were to be paid interim relief, did the agency pay you for the annual leave you accumulated during that time, right?

A. Correct.

(ECF No. 153-2 at 41:14-23.)

The court observes that the allegations in claim 6 request the same remedy as Plaintiff seeks from the MSPB, arising from the same set of facts before this court.

Finally, Plaintiff also asserts that she could not have pursued a mixed case at the administrative level because the MSPB could not have exercised jurisdiction over her discrimination claims because the MSPB matter does not spell out the words "discrimination or retaliation." However, in mixed cases, the board is authorized and required to decide both the discrimination issue and the appealable action. 5 U.S.C. § 7702(a)(1). While Plaintiff is correct that the MSPB does not have jurisdiction over claims of discrimination that are completely divorced from a personnel action otherwise within its jurisdiction, *Lazarski v. Office of Pers. Mgmt.*, 58 M.S.P.R. 475 (1993), if an appealable action is within the board's jurisdiction, however, it may resolve a claim of discrimination made in connection with the appeal. *See Johnson v. Office of Pers. Mgmt.*, 61 M.S.P.R. 293 (1994). Here, Plaintiff's Response admits that "Plaintiff's allegations before the MSPB and this court may have the same factual basis." (ECF No. 169 at 3.) Therefore, this court finds that the discriminatory issues underlying the pay issues in claims 4 and 6 are "made in connection with the appeal." *McAdams v. Reno*, 64 F.3d 1137, 1142–43 (8th Cir. 1995). As such, those matters are before the MSPB, and until there is a final determination, this court has no jurisdiction over Plaintiff's claim 6. Therefore, claim 6 is **DISMISSED**.

## IV. CONCLUSION

Plaintiff's claims remain pending final review before the MSPB. The Agency initially paid Plaintiff administrative leave payments in response to a MSPB Administrative Judge ordering the interim relief pending review of the Agency's petition to the Board of the initial decision. However, the Agency stopped paying Plaintiff administrative leave payments in response to the Board's Order holding Plaintiff was not entitled to the interim relief pending a final Board order. Accordingly, issues concerning Plaintiff's administrative leave payments result directly from the MSPB action reviewing Plaintiff's removal. Moreover, the pay out of Plaintiff's accrued leave also results directly from the MSPB's decision on Plaintiff's Petition for Enforcement regarding her entitlement to interim relief in those proceedings. Plaintiff is not permitted to pursue the same claims in the EEO forum as are pending in the MSPB forum and may not collaterally attack relief ordered by the MSPB in its proceedings in a lawsuit before this court. This court already decided claims 4 and 6 under a theory of disparate treatment. The court, now with benefit of Plaintiff's deposition testimony, finds that the same rationale articulated by the Magistrate Judge in her Report and Recommendation, and adopted by the court, for affirming the dismissal of Plaintiff's claims 1, 2, and 3 applies to require dismissal of the remainder of claims 4 and 6.[3]

---

[3]To permit Plaintiff to second-guess whether she should have been reinstated at that time, whether it was appropriate for her to be placed in non-pay status, and whether she was 'suspended' at that time would, by definition, be an impermissible collateral attack on the MSPB's actions. (ECF No. 128 at 16.)

Accordingly, the court lacks subject-matter jurisdiction over the remaining claims. The court, therefore, **GRANTS** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 153) and **DISMISSES** the remaining claims in their entirety. Defendant's Motion for Summary Judgment, as an alternative, is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 3, 2020
Columbia, SC, South Carolina