# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Tysha Holmes, | ) | Civil Action No.: 3:17-cv-00682-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Dr. Mark T. Esper, Secretary of the Army; | ) | |
| Department of the Army, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Tysha Homes filed this action against her former employer, the Department of the Army, alleging that she was subjected to (1) retaliation for engaging in protected activity and (2) discrimination because of her race and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213. (ECF No. 1 at 3–4.) On March 3, 2020, the court entered an Order (the "March Order") dismissing Plaintiff's then-remaining claims for lack of subject matter jurisdiction. (ECF No. 179.)

This matter is before the court on Plaintiff's Motion for Extension of Time for Appeal (ECF No. 185) requesting an "extension of 60 days to file [an] appeal." (*Id.* at 1.)

Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure provides that "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).

Upon its review, the court observes that Plaintiff's Motion was filed 86 days after the court entered the March Order. Because the Secretary of the Army is a party in the action, the time

frame prescribed by Appellate Rule 4(a) is 60 days. *See* Fed. R. App. P. 4(a)(1)(B). Therefore, Plaintiff's Motion is within the 30-day time parameter to take advantage of Rule 4(a)'s extension provision.

In determining whether excusable neglect exists, a district court considers: "danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (interpreting "excusable neglect" in the context of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure). The Fourth Circuit has adopted the *Pioneer* factors for the purpose of Appellate Rule 4(a)(5). *See Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996). "[T]he burden of demonstrating excusability lies with the party seeking the extension and a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing. . . ." *Id.* at 534 (quoting *In re O.P.M. Leasing Serv., Inc.*, 769 F.2d 911, 917 (2d Cir. 1985).

Generally, the first two *Pioneer* factors will favor the moving party because the time limits inherent in Appellate Rule 4(a)(5) necessarily minimize the extent of any prejudice or delay. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003). Furthermore, the fourth *Pioneer* factor is rarely material, as the absence of good faith is seldom at issue in excusable neglect cases. *Id.* Accordingly, "[t]he most important of the factors identified in *Pioneer* for determining whether 'neglect' is 'excusable' is the reason for the failure to file the notice of appeal within . . . [the requisite] days of the entry of judgment." *Thompson*, 76 F.3d at 534.

In her Motion, Plaintiff contends that she needs 60 additional days to appeal because she is awaiting production of requested transcripts and to account for issues caused by the ongoing

COVID-19 pandemic. (*See* ECF No. 185.) Upon its review, the court is persuaded that the effect of COVID-19 alone is enough reason to grant Plaintiff an extension under *Pioneer*. *E.g.*, *In re: Court Operations in Response to COVID-19*, 3:20-mc-00105-RBH, ECF No. 1 at 1 (D.S.C. Mar. 16, 2020) ("In all civil cases, all deadlines, whether set by court or by the Rules of Civil Procedure or Local Rules, are hereby extended by 21 days from the current deadline set."). Therefore, based on the circumstances presented by Plaintiff, and because her Motion was timely submitted pursuant to Appellate Rule 4(a)(5)(A)(i), the court **GRANTS** Plaintiff Tysha Homes' Motion for Extension of Time for Appeal (ECF No. 185) and **EXTENDS** her time to appeal until July 6, 2020. Accordingly, the court **VACATES** the previous Order entered denying Plaintiff's Motion. (ECF No. 186.)

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 29, 2020
Columbia, South Carolina